Honorable Marsha J. Pechman

____ FILED  ____ ENTERED
____ LODGED  ____ RECEIVED

AUG 13 2008

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON   DEPUTY
BY



08-CV-00623-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE BASKETBALL CLUB OF SEATTLE, LLC, a Washington limited liability company, <br><br>       Nominal Plaintiff, <br><br> and <br><br> CANARSIE HOLDINGS LLC, a Washington limited liability company, <br><br>       Derivative Plaintiff, <br><br>   v. <br><br> THE PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company, <br><br>       Defendant. | (DERIVATIVE ACTION) <br><br> No. C08-623MJP <br><br> **PROTECTIVE ORDER REGARDING HANDLING OF CONFIDENTIAL AND ATTORNEYS ONLY MATERIAL** <br><br> [~~PROPOSED~~] |

THIS MATTER came before the Court on the agreed motion of plaintiff Canarsie Holdings LLC ("Canarsie") and defendant The Professional Basketball Club, LLC ("the PBC") ("Party" or "Parties") for entry of a Protective Order Regarding Handling of Confidential Material. Having considered the Parties' agreed motion and the other pleadings and papers filed in this matter, and to protect the confidentiality of research, development and/or commercial information contained in documents produced and information disclosed in this litigation, it is hereby

PROTECTIVE ORDER REGARDING HANDLING OF CONFIDENTIAL
AND ATTORNEYS ONLY MATERIAL (No. C08-623MJP) - 1

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

ORDERED that the following Protective Order be entered in this matter and that the Parties shall follow the procedures set forth below with respect to information, documents, or things produced in this litigation:

1.      This Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admission and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence and other information which the disclosing party designates as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of any Party or any third-party witness in connection with this action. As used herein, "disclosing party" shall refer to the Parties to this action or to third parties who give testimony or produce documents or other information. Also, for purposes of this Order only, unless and until such time as nominal party Basketball Club of Seattle LLC ("BCOS") assumes control of this litigation as plaintiff, it is not considered a "Party" hereunder but a third party.

2.      The following information may be designated as "CONFIDENTIAL MATERIAL": any confidential research, development or commercial information, as such terms are used in Rule 26(c)(7) and any applicable case law interpreting Rule 26(c)(7), contained in any document, discovery response or testimony; and any confidential or personal information pertaining to employees, staff, management or player personnel, contained in any document, discovery response or testimony.

3.      The following information may be designated as "ATTORNEYS ONLY MATERIAL": any confidential research, design, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(7) and any applicable case law interpreting Rule 26(c)(7), contained any document, discovery response, or deposition testimony, that is entitled to a higher level of protection due to its commercial sensitivity; and any confidential or personal information pertaining to employees, staff, management or player personnel, contained in any

PROTECTIVE ORDER REGARDING HANDLING OF CONFIDENTIAL
AND ATTORNEYS ONLY MATERIAL (No. C08-623MJP) - 2

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

document, discovery response, or testimony, that is entitled to a higher level of protection due to its sensitivity.

4.      In designating information as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," a disclosing party shall make such a designation only as to materials which it in good faith believes is confidential. "CONFIDENTIAL MATERIAL" and "ATTORNEYS ONLY MATERIAL" shall be used by the Parties to this litigation and designating third parties solely for the purpose of conducting this litigation, but not for any other purpose whatsoever.

5.      In the absence of written permission from the disclosing party, or an order of the Court, information designated as "CONFIDENTIAL MATERIAL" shall be used solely for the purposes of litigation between the Parties hereto, and may not be disclosed except to the following persons, as set out below:

a.      The attorneys working on this action on behalf of any Party, including staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel;

b.      Any person not employed by a Party who is expressly retained or sought to be retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work. Such experts and consultants shall not be current employees of a party or employed by a party within six (6) months prior to the disclosure of "CONFIDENTIAL MATERIAL";

c.      Defendant Professional Basketball Club, LLC, and its members, and plaintiff Canarsie Holdings, LLC, and its members, and employees of any Party who are required by such party to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

PROTECTIVE ORDER REGARDING HANDLING OF CONFIDENTIAL
AND ATTORNEYS ONLY MATERIAL (No. C08-623MJP) - 3

d.    Any person from whom testimony is taken, except that such person may only be shown copies of "CONFIDENTIAL MATERIAL" in preparation for and during his/her testimony, and may not retain any "CONFIDENTIAL MATERIAL"; and

e.    The Court, jury, court personnel, court reporters, and other persons connected with the Court.

6.    In the absence of written permission from the disclosing party, or an order of the Court, information designated as "ATTORNEYS ONLY MATERIAL" shall be used solely for the purposes of litigation between the Parties hereto, and may not be disclosed except to the following persons, as set forth below:

a.    The attorneys working on this action on behalf of any Party, and the staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel;

b.    Any person not employed by a Party who is expressly retained or sought to be retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work. Such experts and consultants shall not be current employees of a Party or employed by a Party within six (6) months prior to the disclosure of "ATTORNEYS ONLY MATERIAL";

c.    Any person from whom testimony is taken, except that such person may only be shown copies of "ATTORNEYS ONLY MATERIAL" in preparation for and during his/her testimony, and may not retain any such material; and

d.    The Court, jury, court personnel, court reporters, and other persons connected with the Court.

Provided that nothing in this Order shall prevent counsel for a party from seeking or the Court from granting counsel for a Party permission to disclose ATTORNEYS ONLY MATERIAL to its client on the basis that such disclosure is necessary to properly advise the client regarding this litigation.

PROTECTIVE ORDER REGARDING HANDLING OF CONFIDENTIAL
AND ATTORNEYS ONLY MATERIAL (No. C08-623MJP) - 4

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

7.    The persons described in paragraphs 5(b)-(d) shall have access to the "CONFIDENTIAL MATERIAL," and the persons described in paragraphs 6(b)-(c) shall have access to the "ATTORNEYS ONLY MATERIAL" only after they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." A list shall be maintained by counsel for the Parties hereto of the names of all persons (except for counsel and their support personnel) to whom "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" is disclosed or to whom the information contained therein is disclosed. Similar but separate lists shall also be maintained with respect to third-party material that is designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL." At the time of the termination of this lawsuit by settlement, judgment or otherwise, the Parties shall provide opposing counsel with a copy of the pertinent aforementioned lists. The persons receiving "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" are enjoined from disclosing that material to any other person, except in conformance with this Order.

8.    Each individual who receives any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

9.    The recipient of any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations, extractions, and

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

abstractions shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based.

10.    Disclosing parties shall designate "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" as follows:

a.    In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production: "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL." In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" at the time of its production, that party may at any time thereafter stamp or otherwise designate the document or other information as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL." Such document or other information shall be treated as designated beginning at the time such designation occurs.

b.    In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party to whose "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" the deponent has had access, which counsel shall designate within fourteen (14) days after counsel's receipt of the transcript. During those fourteen days, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL MATERIAL," unless counsel during the deposition states that the information is "ATTORNEYS ONLY MATERIAL" in which case that portion of the deposition designated as "ATTORNEYS ONLY MATERIAL" shall carry that designation for the fourteen day period.

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

c.    Any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" produced in a non-paper media (e.g., videotape, audiotape, computer disks, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" and producing this material in a sealed envelope with a legend described in paragraph 10(a). In the event a receiving party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must treat each copy, transcription, or printout as designated and label it in a manner effective to ensure proper treatment.

11.    A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. In the event that any Party to this litigation disagrees at any stage of these proceedings with such designation, such Party shall provide to the disclosing party written notice of its disagreement with the designation. The parties shall first promptly try to resolve such dispute in good faith on an informal basis, and shall meet and confer within five judicial days of the disclosing party's receipt of such notice. However, if the dispute cannot be resolved at such conference, the challenged designation shall be deemed void unless within ten (10) judicial days thereafter the disclosing party moves the Court for an order declaring that the material is properly designated. Any such motion will be filed and noted pursuant to CR 7(d)(3), and the burden of proving that information has been properly designated is on the party making such designation. Any motion by a disclosing third party seeking an order declaring the propriety of such a designation shall be brought in the court from which the subpoena to the third party was issued. In the event of a dispute about the propriety of a designation that arises in connection with the denial of a motion to seal (see paragraph 15 below), the Party challenging the designation may request an immediate telephonic motion pursuant to Local Rule 7(i) to resolve the matter.

PROTECTIVE ORDER REGARDING HANDLING OF CONFIDENTIAL
AND ATTORNEYS ONLY MATERIAL (No. C08-623MJP) - 7

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

12.    Documents containing "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" of any party shall not be filed with the Court unless it is necessary to do so for purposes of trial, motions, or other Court matters. The parties shall take all reasonable steps to file "CONFIDENTIAL MATERIAL" and "ATTORNEYS ONLY MATERIAL" under seal pursuant to Fed. R. Civ. P. 26(c)(7), Local Rule 5(g), and paragraphs 13-14 of this Order.

13.    Any party including "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" in a filing with the Court (whether in pleadings, declarations, exhibits, or otherwise) will, contemporaneously with such filing, file a motion to seal any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" included in the filing, regardless which party designated the materials as such. Such a motion to seal shall be noted for consideration seven (7) judicial days after filing in accordance with Local Rule 7(d). The party filing the motion to seal need not provide argument or authority in support of the motion. If any documents or information included in the court filing were designated "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" by a third party or party other than the party filing the motion to seal, that party or third party may file a response in support of the motion to seal no later than three (3) judicial days before the note date showing why such materials should be sealed pursuant to Fed. R. Civ. P. 26(c)(7) and Local Rule 5(g).

14.    The Clerk of Court is directed to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information, PROVIDED that such documents are ordered sealed by the Court or are the subject of a pending motion to seal. The party filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal. A complete, unredacted set of documents filed under seal shall be provided by the filing party to opposing counsel the same day the documents

PROTECTIVE ORDER REGARDING HANDLING OF CONFIDENTIAL
AND ATTORNEYS ONLY MATERIAL (No. C08-623MJP) - 8

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

are filed.  As soon as practicable, but in no event later than ten (10) calendar days after having filed paper copies of the materials submitted under seal, the submitting party shall electronically file with the court, for its public file, a copy of the submitted materials with the "CONFIDENTIAL MATERIAL" and/or "ATTORNEYS ONLY MATERIAL" redacted.

15.    In the event the Court denies a motion to seal documents containing either "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," the Clerk of Court shall remove the documents subject to the motion to seal from the Court file and such documents shall not be considered by the Court.  In this situation, not later than three (3) judicial days after the date of the Court's denial of a motion to seal, the filing party may, at its option, file replacement documents that do not contain either "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," which shall be considered by the Court.

16.    Nothing in this Protective Order shall be construed to prevent a party from presenting "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" in live court proceedings in connection with this litigation, subject to the provisions of this paragraph. In the event that any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" is used in any live court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.  In addition, the party intending to use such material in any live court proceeding in connection with this litigation shall provide reasonable advance notice to the producing party or third party prior to such anticipated use, and the producing party or third party shall have the opportunity to move for a protective order against the disclosure in open court of such "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL."

17.    If "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the

PROTECTIVE ORDER REGARDING HANDLING OF CONFIDENTIAL
AND ATTORNEYS ONLY MATERIAL (No. C08-623MJP) - 9

attention of counsel for the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

18. Nothing in this Order shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" to an individual who either prepared the document prior to the filing of this action, or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL."

19. In the event any receiving party having possession, custody or control of any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, such receiving party shall promptly (i) notify counsel for the producing party or third party of the subpoena or other process or order, (ii) furnish counsel for the producing party or third party with a copy of said subpoena or other process or order, and (iii) cooperate with respect to all reasonable procedures sought to be pursued by the producing party or third party whose interests may be affected, including but not limited to asserting an objection to the production of material designated "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" pursuant to this Order. In connection with such subpoena, process or order, the producing party or third party asserting the "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" treatment shall have the burden of defending against any legal proceeding relating to the production of such "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL."

20. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for

PROTECTIVE ORDER REGARDING HANDLING OF CONFIDENTIAL
AND ATTORNEYS ONLY MATERIAL (No. C08-623MJP) - 10

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

such information. Upon written request by the inadvertently producing party or third person, the receiving party shall: (a) return the original and all copies of such documents or promptly petition the Court for a determination whether (i) production is properly deemed inadvertent or (ii) the document is subject to a claim of privilege, and (b) shall not use such information for any purpose unless allowed by order of the Court.

21. Within sixty (60) days of the termination of litigation between the parties, all "CONFIDENTIAL MATERIAL," all "ATTORNEYS ONLY MATERIAL" and all copies thereof shall be returned to the party which produced it or shall be destroyed. Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

22. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this action.

23. Subject to paragraph 13, this Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

24. This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable law.

DATED this ___ day of _August_, 2008.

_____
UNITED STATES DISTRICT JUDGE

///

///

///

PROTECTIVE ORDER REGARDING HANDLING OF CONFIDENTIAL
AND ATTORNEYS ONLY MATERIAL (No. C08-623MJP) - 11

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Presented by:

YARMUTH WILSDON CALFO PLLC

By: /s/ Seth Wilkinson per email authorization
    Richard C. Yarmuth, WSBA # 4990
    Angelo J. Calfo, WSBA #27079
    Seth Wilkinson, WSBA #31607
    925 Fourth Avenue, Suite 2500
    Seattle, WA 98101
    Telephone:  206.516.3800
    Facsimile:  206.516.3888
    E-mail: yarmuth@yarmuth.com
            acalfo@yarmuth.com
            swilkinson@yarmuth.com

Attorneys for Plaintiff
Canarsie Holdings LLC

BYRNES & KELLER LLP

By: /s/ Steven C. Minson
    Bradley S. Keller, WSBA #10665
    Paul R. Taylor, WSBA #14851
    John A. Tondini, WSBA #19092
    Steven C. Minson, WSBA #30974
    1000 Second Avenue, 38th floor
    Seattle, WA 98104
    Phone:  206.622.2000
    Fax:  206.622.2522
    Email: bkeller@byrneskeller.com;
           ptaylor@byrneskeller.com
           jtondini@byrneskeller.com
           sminson@byrneskeller.com

James R. Webb (admitted *pro hac vice*)
MCAFEE & TAFT
Tenth Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Phone:  405.552.2246
Fax:  405.228.7446
Email: jim.webb@mcafeetaft.com

Attorneys for Defendant
The Professional Basketball Club, LLC

PROTECTIVE ORDER REGARDING HANDLING OF CONFIDENTIAL
AND ATTORNEYS ONLY MATERIAL (No. C08-623MJP) - 12

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that s/he has read the PROTECTIVE ORDER REGARDING HANDLING OF CONFIDENTIAL MATERIAL which was entered by the Court on _____ in *The Basketball Club of Seattle and Canarsie Holdings LLC v. The Professional Basketball Club, LLC*, Case No. C08-623MJP (W.D. Wash.), that s/he is one of the persons contemplated in paragraphs 5 or 6 thereof as authorized to receive disclosure of information designated "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," respectively, by either of the parties or by non-parties, that s/he has read and fully understands and agrees to abide by the obligations and conditions of the Protective Order, and that he or she hereby submits to the jurisdiction of the United States District Court for the Western District of Washington for purposes of the enforcement of the Protective Order.

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated: _____

PROTECTIVE ORDER REGARDING HANDLING OF CONFIDENTIAL
AND ATTORNEYS ONLY MATERIAL (No. C08-623MJP) - 13

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 11th day of August, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard C. Yarmuth, yarmuth@yarmuth.com
Angelo J. Calfo, acalfo@yarmuth.com
Seth Wilkinson, swilkinson@yarmuth.com
YARMUTH WILSDON CALFO PLLC
925 Fourth Avenue, Suite 2500
Seattle, WA  98101
Telephone:  (206) 516-3800
Facsimile: (206) 516-3888

/s/ Steven C. Minson
Steven C. Minson, WSBA #30974
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
Email: sminson@byrneskeller.com

PROTECTIVE ORDER REGARDING HANDLING OF CONFIDENTIAL
AND ATTORNEYS ONLY MATERIAL (No. C08-623MJP) - 14

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000