UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE BASKETBALL CLUB OF SEATTLE, LLC,<br><br>Nominal Plaintiff,<br>and<br><br>CANARSIE HOLDINGS, LLC,<br><br>Derivative Plaintiff,<br>v.<br><br>THE PROFESSIONAL BASKETBALL CLUB, LLC,<br><br>Defendant,<br>and<br><br>NATIONAL BASKETBALL ASSOCIATION,<br><br>Intervenor Defendant. | Case No. C08-623 MJP<br><br>ORDER GRANTING NATIONAL BASKETBALL ASSOCIATION'S MOTION TO INTERVENE |

This matter comes before the Court on the National Basketball Association's ("NBA") motion to intervene. (Dkt. No. 17.) After reviewing the motion, Plaintiff's response (Dkt. No. 26), Defendant's response (Dkt. No. 27), the NBA's reply (Dkt. No. 28), all documents submitted in support thereof, and the balance of the record, the Court GRANTS the NBA's motion.

The Court must permit a party to intervene in an action when: (1) the party claims an interest in the subject of the action; (2) disposition of the action would impair the party's ability to protect its interest; and (3) the party's interest is not adequately represented by the existing parties. Fed. R. Civ. P. 24(a)(2). Here, the NBA claims such an interest in the construction and enforcement of the contractual release signed by Plaintiffs and in Plaintiffs' proposed remedy –

ORDER — 1

transfer and control of Defendant Professional Basketball Club's ("PBC") team. The NBA has also shown that the PBC would not adequately represent these interests. On these grounds, the Court finds that the NBA has demonstrated a right to intervene in the action.

A party moving to intervene must also submit with its motion a proposed pleading. Fed. R. Civ. P. 24(c). Though the NBA failed to offer such a pleading, this error is not fatal to its motion. The Ninth Circuit has indicated that a court may approve an intervention motion submitted without an attached pleading when "the court was otherwise apprised of the grounds for the motion." Beckman Indus. v. International Ins. Co., 966 F.2d 470, 474 (9th Cir. 1992). Because the NBA's motion specifies "the legal and factual grounds for intervention," the Court is sufficiently apprised of the claim for intervention and can make an informed ruling on the request. Id. at 474-75.

The NBA contends that it need not file a responsive pleading until after the Court rules on its Fed. R. Civ. P. 12(b)(6) motion, which it intends to bring "promptly." (Reply at 3.) The Court disagrees; the NBA is ordered to file a pleading within seven days of the date of this order. This formal pleading must outline the NBA's claims and interests and shall be limited to those grounds already presented in the motion to intervene. After the pleading is filed, if the NBA wishes to bring a motion challenging the pleadings, it may do so under Fed. R. Civ. P. 12(c).

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: August 20, 2008.

*Marsha J. Pechman*

Marsha J. Pechman
U.S. District Judge

ORDER — 2

ORDER — 3